USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSETTE LANG on behalf of Dorothy Morgan (deceased),

        Plaintiff,

-v-

MICHAEL J. ASTRUE as Commissioner of Social Security,[1]

        Defendant.

No. 05-CV-7263 (KMK) (MDF)

ORDER ADOPTING REPORT AND RECOMMENDATION

KENNETH M. KARAS, District Judge:

Josette Lang ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's decision to deny her deceased mother, Dorothy Morgan, disability insurance benefits and supplemental security income ("SSI") payments. Following Morgan's death in 2003, the Commissioner accepted Plaintiff as a substitute party in administrative proceedings initiated by Morgan, and in 2005 the Commissioner's denial of Plaintiff's claims on Morgan's behalf became final. Plaintiff brought this action challenging that final decision. Now before this Court is the Commissioner's motion to dismiss Plaintiff's SSI claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) or for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and to dismiss Plaintiff's disability benefits claim for failure to join an indispensable party pursuant to Fed. R.

---

[1] Michael J. Astrue, the current Commissioner of Social Security, took office as of February 12, 2007. Pursuant to Fed. R. Civ. P. 25(d)(1), he is automatically substituted as Defendant for his predecessor in office, Jo Anne B. Barnhart, who had been named as defendant in Plaintiff's Complaint.

Civ. P. 12(b)(7) and 19. Judge Colleen McMahon, who was originally assigned to this case,[2] referred the case to Magistrate Judge Mark D. Fox. On April 23, 2008, Magistrate Judge Fox filed a Report and Recommendation ("R&R") recommending that this Court grant the Commissioner's motion to dismiss Plaintiff's SSI claim and deny the Commissioner's motion to dismiss Plaintiff's disability insurance benefit claim. (R&R 9.)

A district court reviewing a magistrate judge's report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see, e.g., Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007). Under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, parties may submit objections to the magistrate judge's report and recommendation. The objections must be "specific" and "written," Fed. R. Civ. P. 72(b)(2), and must be made "[w]ithin 10 days after being served with a copy of the recommended disposition," *id.*; *see also* 28 U.S.C. § 636(b)(1), plus an additional three days when service is made pursuant to Fed. R. Civ. P. 5(b)(2)(C)-(F), *see* Fed. R. Civ. P. 6(d), as was the case here (R&R 9).

Where a party submits timely objections to a report and recommendation, the district court reviews de novo the parts of the report and recommendation to which the party objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Donahue*, 2007 WL 831816, at *1. "However, where a party does not submit an objection, a district court need only satisfy itself that there is no clear error on the face of the record." *Donahue*, 2007 WL 831816, at *1 (internal quotation marks omitted); *see also Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp.

---

[2] The case was reassigned to the undersigned on August 6, 2007.

2d 224, 226 (S.D.N.Y. 2008) (The district court "may adopt those portions of the . . . report [and recommendation] to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." (quoting Fed. R. Civ. P. 72(b)(2)). "In addition, a party's failure to submit an objection will waive that party's right to challenge the report and recommendation on appeal." *Donahue*, 2007 WL 831816, at *1.

Here, neither party has filed objections to Magistrate Judge Fox's R&R. Thus, the Court has reviewed the R&R for clear error. Finding none, the Court adopts the R&R in its entirety, with the exception of the R&R's recommendation to schedule briefing on the merits of Plaintiff's disability insurance benefits claim. As Plaintiff herself has conceded, Plaintiff is not entitled to seek review of the denial of Morgan's claim to SSI payments pursuant to 42 U.S.C. § 1383(b)(1)(A)(i), as Plaintiff is not Morgan's surviving spouse. With respect to the Commissioner's motion to dismiss Plaintiff's disability benefit claim for failure to join Plaintiff's brother, Barry Lang, the Court agrees with Magistrate Judge Fox that Barry Lang is not a necessary party to this action. Plaintiff and Barry Lang share the same interest in the outcome of the litigation, Plaintiff is represented by competent counsel, and the Commissioner has provided no reason to believe that Barry Lang would prosecute the case more effectively than Plaintiff. (R&R 6.) Moreover, since Morgan's death, the Commission has allowed Plaintiff to act in administrative proceedings as the sole representative of her family's interests, despite the Commissioner's awareness of Barry Lang's existence and his potential interest in the proceedings. (*Id.* 4-5.)

Accordingly, it is hereby

ORDERED that the Report and Recommendation dated April 23, 2008 is ADOPTED in its entirety, with the exception of its recommendation to schedule briefing on the merits of Plaintiff's disability insurance benefits claim. It is further

ORDERED that the Commissioner's motion to dismiss Plaintiff's claim for SSI payments is GRANTED. It is further

ORDERED that the Commissioner's motion to dismiss Plaintiff's claim for disability insurance benefits due to her failure to join Barry Lang as a party is DENIED. It is further

ORDERED that the Parties are directed to appear before the Court on November 25, 2008, at 4:00 p.m. for a status conference. It is further

ORDERED that the Clerk of the Court is respectfully directed to terminate the pending motion (Dkt. No. 13).

SO ORDERED.

Dated: November 3, 2008
White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

Service List

For Mailing by Clerk's Office:

Kenneth Richard Stephens, Esq.
The Legal Aid Society
199 Water Street, 3rd Floor
New York, NY 10038

Susan D. Baird, Esq.
U.S. Attorney's Office, SDNY
One St. Andrew's Plaza
New York, NY 10007